828 F.2d 20
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John J. RUANE, Plaintiff-Appellant,
v.
G. F. BUSINESS EQUIPMENT, INC., Defendant-Appellee.
 No. 86-3955
 United States Court of Appeals, Sixth Circuit.
 September 1, 1987.
 
 Before Panel ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff John Ruane appeals from an order of the United States District Court for the Northern District of Ohio granting summary judgment to the defendant on Ruane's complaint brought under the Age Discrimination in Employment Act, 29 U.S.C. Sec. 623(a)(1).
 
 
 2
 Ruane started working for defendant in 1941 as an assembler, which was a bargaining unit job. In 1963 he was promoted to a supervisory position. Since 1981 he was a supervisor in the Fabrication Department.
 
 
 3
 In 1982 the company made a general reduction of the work force, eliminating two supervisory positions in the Fabrication Department. Plaintiff was given the option of retiring or returning to the bargaining unit. By returning to the bargaining unit he would have retained his seniority but would have forfeited his rights as a supervisor to major medical coverage and $5,500 in unused vacation pay. He preferred retirement and thereby received the $5,500, a special retirement payment of $5,200, and a monthly pension of $475.
 
 
 4
 The district court held that under Ackerman v. Diamond Shamrock Corp., 670 F.2d 66 (6th Cir. 1982), Ruane did not allege a prima facie case of discrimination because he was not discharged or forced to retire but voluntarily chose the package the company offered him to encourage him to retire. Ruane distinguishes Ackerman on the grounds that his performance was excellent and that the plaintiff in Ackerman received much more than he would have had the company fired him for poor performance, which the company was contemplating. In the alternative Ruane asks that Ackerman be overruled.
 
 
 5
 The district court also ruled that even if Ruane was discharged there was no discrimination, because the discharge was part of a staff reduction and Ruane's duties were reassigned to a member of the protected age group. When Ruane retired he was 60 years old. His duties were assigned to his supervisor, Leo Billock, who was 56. Ruane contends that instead of discharging him the company could have discharged Richard Siman, a 28-year-old supervisor whose performance was inferior to Ruane's, and transferred Siman's duties to Ruane. The company asserts that Ruane could not have done Siman's job. Ruane also alleges that the company violated its policy of considering seniority in reducing the work force, and the company denies that there was such a policy.
 
 
 6
 Upon consideration, we are of the opinion that the district judge overread our court's decision in Ackerman in granting summary judgment on the basis that Ruane had voluntarily relinquished his cause of action under the Age Act by electing to receive retirement benefits. Contrary to the facts in Ackerman, where the plaintiff was at all times represented by counsel, was given thirty days in which to make a decision, was offered approximately $100,000 more in settlement monies than would be provided under the company's normal separation policies, and was not otherwise distinctly informed that he had no right to remain in his present employment, Ruane appears to have enjoyed no such options or protections including the potential option to retain his former employment. Under the circumstances here, the court concludes that whether Ruane freely and voluntarily retired was a fact question which could not properly have been resolved through summary judgment. We also note that the district court erred in relying on Zinger v. Blanchette, 549 F.2d 901 (3d Cir. 1977), which held that involuntary retirement pursuant to a bona fide retirement plan with a reasonable pension is not a discharge under the Age Act. Congress expressly disapproved of Zinger in amending the Act. S. Rep. No. 493, 95th Cong., 2d Sess 10, reprinted in 1978 U.S. Code Cong. & Admin. News 504, 513. Finally, because we distinguish this case from Ackerman, we do not address plaintiff's argument that Ackerman should be overruled.
 
 
 7
 Defendant argues that even if plaintiff can prove he was involuntarily discharged, defendant is entitled to summary judgment because it has shown a legitimate business reason for the discharge. In this regard the district court stated, 'there is no evidence to refute the record establishing that defendant made a legitimate business decision in assigning plaintiff's supervisory duties to another employee.' In light of the cursory nature of this statement and the state of the record, it appears that there was no clear decision by the district court on whether legitimate business reasons were the only factor in plaintiff's retirement or whether age discrimination was also a factor. See Laugesen v. Anaconda Co., 510 F.2d 307, 315-16 (6th Cir. 1975). Therefore, the case is not in a posture for us to decide whether defendant's showing of legitimate business reasons could have justified the grant of summary judgment.
 
 
 8
 The judgment of the district court is REVERSED and the cause REMANDED for further proceedings.
 
 
 9
 KRUPANSKY, Circuit Judge, dissenting.
 
 
 10
 The district judge having properly granted summary judgment in favor of the defendant employer in the instant case, I am constrained to respectfully dissent from the majority's decision.
 
 
 11
 The district court anchored its disposition initially in the reasoning and force of Ackerman v. Diamond Shamrock Corp., 670 F.2d 66 (6th Cir. 1982). In Ackerman, this circuit affirmed the district court's grant of summary judgment to the defendant employer upon the unrebutted and persuasive evidence of the plaintiff's voluntary election of early retirement, despite the plaintiff's subsequent, belated attempt to prove through the vehicle of an age discrimination action that he had purportedly been involuntarily forced to retire because of his age, premised upon his subjective, conclusory perception that he had no alternative other than to execute the retirement agreement presented to him. Id. at 69-70. Similar to the factual scenario encountered in Ackerman, the evidence in the instant case disclosed that the plaintiff, at the age of 61, was afforded the opportunity to return with accumulated seniority to the plant's bargaining unit consisting of hourly labor force employees as a member of Local 1617 of the United Steelworker's union, in which capacity he had previously been employed, but elected after a considered evaluation of his options to instead accept early retirement; he accepted all of the benefits of his election of early retirement from the company, which were not insubstantial and included various lump sum payments and other monies to which he would not have been entitled had he returned to his bargaining unit; and he voluntarily executed a form denominated 'Salaried Personnel Change in Status' characterizing his action as a 'voluntary termination,' as well as an 'Application for Thirty-Year Service Retirement,' whereby he gave notice of his retirement from active service with the company, made application for his accrued pension benefits, and selected several options available to him concerning those benefits. In light of the foregoing, I wholly agree with the district judge that, as in Ackerman, no objective facts were adduced to support the plaintiff's subjective charge that his decision to retire was other than voluntary in the face of the compelling indicia to the contrary and summary judgment for the defendant was therefore entirely appropriate on the record developed before the district court.
 
 
 12
 More fundamentally, however, the district court's disposition was proper inasmuch as the plaintiff failed to produce any evidence whatsoever of threshold unlawful age discrimination sufficient to survive a motion for summary judgment. The defendant employer specifically moved for summary judgment on the alternative basis that no genuine factual dispute existed to controvert its legitimate business reasons to eliminate the plaintiff's position and transfer his duties to his immediate superior, who at the age of 56 was also a member of the protected class, and the district court in its memorandum opinion so concluded. This circuit has repeatedly recognized that an ADEA plaintiff who has been terminated amidst a corporate reorganization and reduction in force due to adverse economic circumstances carries a greater burden of supporting charges of discrimination than does an employee who was not terminated for similar reasons, and that, particularly where economic necessity dictates reorganization, a conclusory statement also is not probative of age discrimination, but rather that the plaintiff in such cases must come forward with additional direct, circumstantial, or statistical evidence that age was a factor in his discharge. See Simpson v. Midland-Ross Corp., No. 85-1381/1676, slip op. at 6-7 (6th Cir. July 9, 1987); Ridenour v. Lawson Co., 791 F.2d 52, 57 (6th Cir. 1986); LaGrant v. Gulf & Western Mfg. Co., 748 F.2d 1087, 1090-91 (6th Cir. 1984). In the instant case, it was conceded that the defendant company experienced severe financial and economic problems from 1976 through and following 1982, reducing its work force at its Youngstown, Ohio plant, at which the plaintiff was employed, virtually in half by several hundred employees over that period of time. In this case, the plaintiff presented no material evidence to rebut the defendant's decision to eliminate his supervisory position as a consequence of its widescale, general reduction in force; the plaintiff's duties were reassigned to his superior, who was experienced in the plaintiff's work assignments and who was himself 56 years of age and a member of the protected class; the defendant's officials expressly disclaimed that the plaintiff's age played any role in the execution of the reorganization; and the plaintiff was afforded his contractual rights pursuant to the collective bargaining agreement to return with seniority to his former bargaining unit. The plaintiff in sum failed to come forward with the additional direct, circumstantial, or statistical evidence required under the precedent of this circuit, beyond merely conclusory allegations, so as to preclude the grant of summary judgment in favor of the defendant employer.
 
 
 13
 Accordingly, I would affirm the district court's disposition.