870 F.2d 657
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Faye A. GREEN, Plaintiff-Appellant,
v.
MILES LABORATORIES, INC., Defendant-Appellee.
 No. 88-3175.
 United States Court of Appeals, Sixth Circuit.
 March 10, 1989.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and BERNARD A. FRIEDMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Faye Green appeals from a grant of summary judgment in favor of the defendant in this age discrimination case.
 
 
 2
 In February of 1985 defendant Miles Laboratories determined that a reduction in the work force of its Ames Division was necessary because of declining sales. Seven sales territories, including that served by Mrs. Green, were eliminated through a consolidation of territories. Mrs. Green and six other sales representatives were discharged. All but Mrs. Green were younger than their counterparts who were retained. Mrs. Green, at age 53, was 16 years older than Kaleen Wheat, a black woman who was retained to serve the consolidated territory that included the geographical area formerly served by Mrs. Green. Ms. Wheat had more seniority than Mrs. Green.
 
 
 3
 The retention of Ms. Wheat instead of Mrs. Green was in accordance with the company's established staff reduction policy. Under that policy, the first consideration was performance evaluations; where those evaluations were equal, retention was based on tenure. The most recent evaluations of Ms. Wheat and Mrs. Green rated both women as "proficient," and the policy thus indicated that Ms. Wheat should be retained by virtue of her seniority.
 
 
 4
 The plaintiff in a case such as this must produce circumstantial, statistical, or direct evidence capable of giving rise to a reasonable inference of discrimination because of age. Simpson v. Midland-Ross Corp., 823 F.2d 937, 940 (6th Cir.1987); LaGrant v. Gulf & Western Mfg. Co., 748 F.2d 1087, 1090 (6th Cir.1984); Fite v. First Tennessee Production Credit Ass'n, 861 F.2d 884, 890 (6th Cir.1988). Where the plaintiff's position has been terminated in a corporate reorganization, the plaintiff " 'carries a greater burden of supporting charges of discrimination than an employee who was not terminated for similar reasons.' " Simpson, 823 F.2d at 941 (quoting Ridenour v. Lawson Co., 791 F.2d 52, 57 (6th Cir.1986).
 
 
 5
 Put to her proof by defendant Miles' motion for summary judgment, Mrs. Green offered two items of circumstantial evidence as suggesting that age was a determining factor in Miles' decision to fire her. First, she showed that Ms. Wheat's performance evaluation had been raised from "marginal" to "proficient" at a time when a reduction in force had become foreseeable, and only six months after the poorer rating had been given. The interval between Mrs. Green's evaluations was longer, and Mrs. Green speculated that the reevaluation of Ms. Wheat was merely a pretext to enable Miles to favor the younger person over the older. Mrs. Green also showed that Miles retained younger, less senior employees who held jobs different from hers, but for which she claimed to be qualified.
 
 
 6
 On the facts contained in the record before it, the district court (Sam H. Bell, J.) concluded that there was no evidence from which a jury could conclude that the reasons advanced by Miles for terminating Mrs. Green's employment constituted a pretext for age discrimination. After a careful review of the record, and for the reasons stated in Judge Bell's comprehensive opinion, we believe this conclusion was correct. The plaintiff has a hard row to hoe in a reduction-in-force situation, and on the sort of showing that Mrs. Green was prepared to make it would have been improper to allow a jury to return a verdict in her favor.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Bernard A. Friedman, U.S. District Judge for the Eastern District of Michigan, sitting by designation