876 F.2d 105
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John W. WIGGINS and Gary R. Adams, Plaintiffs-Appellants,
v.
FIRESTONE TIRE & RUBBER COMPANY, Defendant-Appellee.
 No. 88-3358.
 United States Court of Appeals, Sixth Circuit.
 June 7, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and ODELL HORTON, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the district court's order granting summary judgment for the defendant in this age discrimination action. For the following reasons, we affirm the district court's decision.
 
 I.
 
 2
 Beginning in April 1980, defendant-appellee Firestone Tire & Rubber Co., (Firestone) imposed significant personnel cutbacks throughout the company. In August 1985, plaintiffs-appellants, John W. Wiggins and Gary R. Adams, were informed by Firestone that their jobs at Firestone's Retread Division (Retread) would be terminated pursuant to this reduction in forces (RIF). At this time, Wiggins, who was 57 years old, had been employed at the Retread Division for 33 years and Adams, who was 49, had been employed for 24 years.
 
 
 3
 Wiggins and Adams stated that they knew Firestone had been experiencing economic problems. However, because they had received positive performance reviews in the past, they claim that they never suspected that their jobs would be terminated in a RIF. Although Firestone contends that Wiggins and Adams were eliminated because their positions were the most expendable in the total operation of Retread, Wiggins and Adams maintain that they were fired because they were two of the oldest employees in the division. As a result of Firestone's decision, Wiggins and Adams elected early retirement and received termination pay. Both parties agree that the plaintiffs' positions were never filled and that their duties were distributed to other members of Retread. Wiggins and Adams maintain, however, that their duties were distributed to younger members of Retread and that, from 1981 to 1985, the average age in the division decreased by slightly over six years.
 
 
 4
 Wiggins and Adams contend that they should have been given the option of replacing or "bumping" employees with less seniority who worked in Retread. Although Firestone acknowledges that it has a policy which allows employees who are terminated as a result of a RIF to transfer to other positions in the company, Firestone maintains that neither Wiggins nor Adams were eligible to bump any other Retread employee because they did not supervise anyone in their department and because they had never held a lower position within that department. Thus, Firestone maintains that it was under no obligation, pursuant to the written RIF policy, to give Wiggins and Adams the option of transferring to another position.
 
 
 5
 The district court determined that Wiggins and Adams failed to prove that Firestone used the RIF as a pretext to discriminate against them on the basis of their age. Thus, the court held that Firestone was entitled to judgment as a matter of law on the age discrimination claim. The court ordered a remand of the state law breach of employment contract claim to the Court of Common Pleas for Summit County, Ohio. On appeal, Wiggins and Adams have not challenged the district court's remand of the state law claim.
 
 II.
 
 6
 We must affirm a district court's decision to grant summary judgment if the evidence shows that there are no genuine issues as to any material facts and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986). Wiggins and Adams maintain that the district court erred in granting summary judgment for Firestone because Firestone's written policies, statements made by Firestone managers and the statistical evidence concerning the decline in the average age in the division proves that Firestone terminated them because of their age.
 
 
 7
 The Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 623(a)(1) (1982), provides that it is unlawful for an employer to discharge employees because of their age. Although this court has relied on the criteria established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to determine whether plaintiffs have shown a prima facie case of discrimination, this court has "refused to follow blindly the four-part McDonnell Douglas formula in ADEA cases" and has instead "adopted a case-by-case approach, one that would allow us to remain attentive to the realities of the business world." Simpson v. Midland Ross Corp., 823 F.2d 937, 940-41 (6th Cir.1987). Thus, this court has stated that to establish a prima facie case of discrimination in non-RIF situations, plaintiffs must show that they were members of a protected class, that they were subject to an adverse employment action, that they were qualified for their positions and that they were replaced by younger persons. In reorganization cases, this court has required plaintiffs to "come forward with additional direct, circumstantial, or statistical evidence that age was a factor in [their] termination." LaGrant v. Gulf & Western Mfg. Co., Inc., 748 F.2d 1087, 1091 (6th Cir.1984).
 
 
 8
 Turning to the instant action, although Wiggins and Adams have satisfied the first three parts of the McDonnell Douglas test, the record does not indicate that they were not replaced by younger workers but, rather, their work was merely distributed to existing workers. Assuming, arguendo, that they satisfied the McDonnell Douglas test for a non-RIF setting, the additional evidence which they presented fails to prove that age was a factor in their termination.
 
 A.
 
 9
 Wiggins and Adams maintain that Firestone's written policies are facially discriminatory. Firestone's RIF policy, however, specifically provides that in determining which positions should be terminated, the manager should select employees in order of the least senior first. Thus, the written RIF policy is not facially discriminatory.
 
 
 10
 Wiggins and Adams also contend that Firestone relied on age information contained in "age charts" to determine which employees should be fired. Wiggins and Adams concede that Firestone did not violate the ADEA by maintaining information concerning the ages of its' employees. Rather, they maintain that Firestone was prohibited from using these charts when determining who should be terminated. While we agree that Firestone should not use "age charts" to determine which employees should be terminated, the Firestone personnel who made the decision to terminate Wiggins and Adams denied that they used the age charts in making their decision. Since Wiggins and Adams have not presented any evidence which refutes this denial, we agree with the district court that the mere existence of these charts does not establish that Firestone fired Wiggins and Adams on the basis of age.
 
 B.
 
 11
 Wiggins and Adams maintain that various oral statements made by Firestone executives evidence Firestone's discriminatory motive in firing them. Because Wiggins and Adams were unable to attribute any age-related comments to the Firestone personnel who made the decision to terminate their positions, we agree with the district court that these alleged oral statements do not establish that they were terminated on the basis of age.
 
 C.
 
 12
 Finally, Wiggins and Adams contend that because the average age of Retread employees declined by 6.1 years between 1981 and 1985, this evidences Firestone's intent to fire them because of their age. We note initially that, although the statistical evidence indicates the ages of the employees who left Retread between 1981 and 1985, the evidence does not indicate if the employees left voluntarily or whether they were involuntarily terminated by Firestone. Moreover, this court has found that a decreasing average employee age standing alone does not prove the existence of age discrimination. Simpson v. Midland Ross Corp., 823 F.2d 937, 944 (6th Cir.1987). Because the statistical evidence in this case is not as comprehensive as the evidence which this court found to be insufficient in Simpson, this evidence does not establish the plaintiffs' claim that they were terminated because of their age.
 
 III.
 
 13
 Because the district court remanded the state law contract claims, we need not discuss whether Firestone breached its' RIF policy by not allowing Wiggins and Adams to "bump" employees with less seniority. Since this court has held that "[w]here an employer reduces his workforce for economic reasons, it incurs no duty to transfer an employee to another position within the company," Firestone was under no duty under the ADEA to offer Wiggins and Adams alternate employment. Ridenour v. Lawson Co., 791 F.2d 52, 57 (6th Cir.1986).
 
 IV.
 
 14
 Because we find that there is no genuine dispute as to any material fact, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 Honorable Odell Horton, Chief Judge, United States District Court for the Western District of Tennessee, sitting by designation