927 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas J. HEALEY, Plaintiff-Appellant,
v.
REPUBLIC POWDERED METALS, INC., Defendant-Appellee.
 No. 90-3450.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1991.
 
 On Appeal from the United States District Court for the Northern District of Ohio, 89-01798, Dowd, Jr.
 N.D.Ohio
 AFFIRMED.
 Before BOYCE F MARTIN, Jr., KRUPANSKY, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Thomas J. Healey (Healey), appeals the district court's entry of summary judgment against him in this age discrimination action against Republic Powdered Metals, Inc. (the Company), a Medina, Ohio-based manufacturing concern. In his complaint, Healey alleged that in June, 1988 he was unlawfully dismissed from his position as the Company's purchasing manager after twenty-eight years of service. Healey claimed that the Company's action was an act of age discrimination, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621-634.
 
 
 2
 The Company defended this action by demonstrating that Healey was dismissed pursuant to a Company-wide reorganization undertaken in response to operating losses posted for the fiscal year that ended in June of 1988. The evidence indicates that the Company's CEO, Larry Poulsen, formulated and executed a plan of reorganization that involved the dismissal of nine employees, including Healey, and the closure of a Company production facility located in California. In response, Healey offered evidence that a part but not all of his duties had been subsequently assigned by a younger employee.
 
 
 3
 An ADEA plaintiff discharged pursuant to a work-force reduction fails to present a prima facie case of age discrimination unless he is able prove by "additional direct, circumstantial, or statistical evidence" that "the employer singled out the plaintiff for discharge for impermissible reasons." Barnes v. GenCORP., 896 F.2d 1457, 1465 (6th Cir.1990); accord Simpson v. Midland-Ross Corp., 823 F.2d 937, 941 (6th Cir.1987); Ridenour v. Lawson Co., 791 F.2d 52, 57 (6th Cir.1986). Because he offered no evidence of discrimination apart from the fact of his discharge coupled with conclusory allegations that the action was improperly motivated because his duties were later assumed by a younger worker,* Healey failed in his obligation to establish that the Company's proffered non-discriminatory reason for terminating him was pretextual.
 
 
 4
 Accordingly, the judgment of the district court granting the Company's motion for summary judgment is hereby AFFIRMED.
 
 
 
 *
 Healey was not entitled to a presumption that his termination was discriminatorily motivated merely because he offered evidence that his responsibilities were later performed by a younger person. See Laugeson v. Anaconda Company, 510 F.2d 307, 312-13 n. 4 (6th Cir.1975) ("we do not believe that Congress intended automatic presumptions to apply whenever a worker is replaced by another of a different age")