47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James A. GRAY, Plaintiff-Appellant,
v.
PREFORM SEALANTS, INC., Defendant-Appellee.
 No. 93-4328.
 United States Court of Appeals, Sixth Circuit.
 Jan. 17, 1995.
 
 Before: MARTIN and BOGGS, Circuit Judges; and BELL, District Judge.*
 PER CURIAM.
 
 
 1
 James A. Gray appeals the district court's grant of summary judgment in favor of Preform Sealants, Inc., on his federal and state law age discrimination claims. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 Preform Sealants is a small, closely-held corporation that manufactures saturated foam and other sealants for use in the domestic automobile industry. The original founders and owners of the company hired the then forty-seven year old Gray as Plant Manager in late 1975. In that capacity, Gray oversaw scheduling, purchasing, inventory, production, personnel, and customer service. According to Gray, he essentially "ran the place." In 1986, however, at the recommendation of an outside consulting firm hired to study and review Preform Sealants' organization and operation, the management decided to split Gray's duties into two new positions: Operations Manager and Plant Manager. In essence, this reorganization was prompted by the finding that Gray's responsibilities were too much for one person to handle, in light of the company's growth. Gray assumed the new position of Operations Manager, and was responsible for purchasing, material handling, and scheduling.
 
 
 3
 Preform Sealants began experiencing financial difficulties in late 1988, due in part to additional debt incurred in constructing a new plant. Around that time, Gray broached the subject of his prospective retirement with the company's president and chief operating officer, Mike Tiedeck, who told Gray that he would like to have him "around." In an effort to offset the company's economic losses, however, management began discussing cost-cutting options, including lay-offs. On January 11, 1989, Gray was notified that his position was being eliminated and that he was being terminated. This consensus decision was purportedly aimed at eliminating "numerous redundancies" inherent in Gray's job. However, on the very day Gray learned of his impending discharge, Tiedeck allegedly called the Operations and Production Manager, Al Sindovic, into his office and vowed, "I have to get rid of all these old [expletives]! I have to get rid of my Dad's guys. I'm going to get rid of all those guys who he always wanted to get rid of."
 
 
 4
 Gray was not replaced after his termination. Preform Sealants claimed that Gray's duties were simply delegated to other employees. Nevertheless, the company admitted to hiring an "acting personnel manager" in March 1988, a "scheduling clerk" in November 1989, and a "delivery coordinator" in July 1991. From January through September, 1989, Preform Sealants laid off approximately twenty-two shop employees and introduced other cost-cutting measures, but Gray was the only non-shop employee discharged.
 
 
 5
 Gray filed this suit on January 8, 1991, alleging that Preform Sealants terminated his employment on January 11, 1989, in violation of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621, et seq. and Ohio Revised Code Sec. 4112.99, which also prohibits employment discrimination based on age. In addition, Gray brought state law claims for breach of employment contract and promissory estoppel.
 
 
 6
 On August 17, 1992, Preform Sealants moved for summary judgment on all of Gray's claims. After outlining the appropriate standard for ruling on a summary judgment motion, the district court analyzed the merits of Gray's claims under the framework first established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Towards that end, the court identified the four elements that a plaintiff alleging discrimination on the basis of age must prove in order to establish a prima facie case: membership in the protected class; an adverse employment decision; qualification for the position; replacement by a younger person. LaGrant v. Gulf & Western Mfg. Co., Inc., 748 F.2d 1087, 1090 (6th Cir.1984) (citing Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 69 (6th Cir.1982)). Noting that Preform Sealants conceded that Gray had established the first three elements, the district court devoted the remainder of its opinion to evaluating the final element.
 
 
 7
 Specifically, the court noted that in factual situations involving reductions in the work force, the fourth element has been modified, to reflect the reality that replacement-hiring rarely takes place under those circumstances. E.g., Ridenour v. Lawson Co., 791 F.2d 52, 57 (6th Cir.1986). Where work force reductions are a factor in his discharge, a plaintiff "does not make out a prima facie case absent additional direct, circumstantial, or statistical evidence" indicating that the employer singled him out for discharge because of his age. Barnes v. Gencorp Inc., 896 F.2d 1457, 1465 (6th Cir.), cert. denied, 498 U.S. 878 (1990). After assuming that Tiedeck did make the statement that Sindovic alleged, the district court determined that the statement did not constitute the requisite "additional direct, circumstantial, or statistical evidence" of age discrimination. Id. Ultimately, the court concluded that Gray did not establish a prima facie case of age discrimination, but that in any event, Preform Sealants articulated a legitimate non-discriminatory reason for discharging him, thereby rebutting any presumption of intentional discrimination. St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2747 (1993). Moreover, Gray failed to present sufficient "proofs and rebuttals," that this legitimate non-discriminatory reason was merely pretextual. Id.
 
 
 8
 On November 9, 1993, the district court granted Preform Sealants' motion for summary judgment as to Gray's federal and state age discrimination claims and declined to exercise jurisdiction over Gray's state law claims for breach of employment contract and promissory estoppel, dismissing them without prejudice.
 
 
 9
 We agree with the ultimate conclusion reached by the district court: even assuming that Gray established a prima facie case of age discrimination, Preform Sealants rebutted the resulting presumption of intentional discrimination by articulating a legitimate non-discriminatory reason for firing Gray, and Gray, in turn, failed to establish that this legitimate non-discriminatory reason was merely a pretext for discrimination. Preform Sealants demonstrated that Gray's discharge was a component of the company-wide reforms it undertook in the wake of economic losses. And Gray did not prove that this financial motive for his discharge was pretextual. Rather, Gray impermissibly attacked the soundness of Preform Sealants' business decision to reduce its workforce. Chappell v. GTE Products Corp., 803 F.2d 261, 266 (6th Cir.1986), cert. denied, 480 U.S. 919 (1987).
 
 
 10
 Therefore, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation