932 F.2d 967
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cleopatra CARMEL, Plaintiff-Appellant,
v.
SUN REFINING & MARKETING COMPANY, Defendant-Appellee.
 No. 90-3203.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1991.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CHURCHILL,* Senior District Judge.
 PER CURIAM.
 
 
 1
 In this civil rights action alleging race and age discrimination, plaintiff-appellant Cleopatra Carmel appeals the district court's grant of summary judgment in favor of her former employer, Sun Refining & Marketing Company. The district court found that Carmel failed to point to sufficient factual evidence to overcome summary judgment. We agree, and therefore affirm the district court's judgment.
 
 
 2
 * Carmel was fifty-six years old when she filed this case in 1989, and had been employed at Sun's Toledo plant since October 1978. Carmel was one of several refinery nurses who were overseen by a Supervisory Nurse, also referred to as a Medical Coordinator. In 1984, the Supervisory Nurse retired and Carmel sought the position. Because the size of the Toledo plant was diminishing, however, Sun told Carmel that the position was being eliminated. Nevertheless, on January 14, 1985 Carmel was promoted to Medical Coordinator, with the promotion retroactive to October 28, 1984.
 
 
 3
 Concern over the utility of the dispensary led Sun to commission an audit of the dispensary's functions. The audit concluded that a separate administrative officer was needed for the dispensary because nurses were spending too much time on clerical duties. Thus, an administrator was needed to manage the dispensary's non-medical aspects. Rather than advertising or posting the opening internally, Sun's "Management Development Committee" decided that Jane Fulkert was the appropriate person for the post. Fulkert, a younger white woman, had already been performing most of these administrative duties. With the additional duties, Fulkert's title was changed in April 1988 from Human Resources Generalist to Occupational Services Generalist. The new position did not involve a change in either pay grade or classification. Carmel now asserts that she should have been appointed to the Occupational Services Generalist position.
 
 
 4
 On May 4, 1988, Carmel filed a sex discrimination complaint with the Equal Employment Opportunity Commission (EEOC) and the Ohio Civil Rights Commission (OCRC) against Sun. On August 2, 1988, the OCRC determined that probable cause for Carmel's allegations did not exist. The EEOC, on January 11, 1989, also found no evidence of a Title VII violation and issued a "Right To Sue" letter. Carmel filed her complaint on March 29, 1989.
 
 
 5
 Carmel's complaint alleged race and age discrimination in employment under 42 U.S.C. Secs. 1981, 1983 and 42 U.S.C. Sec. 2000e et seq.. Carmel's second claim was under Ohio Rev.Code Ann. Sec. 4112 (Baldwin 1989) (entitled "Civil Rights Commission"). Sun sought promotion to the position of Supervisory Nurse and/or Occupational Services Generalist with back pay and benefits, as well as damages under state law.
 
 
 6
 The district court rejected Carmel's section 1981 claim because the "promotion" which Fulkert received was not a promotion at all, but a lateral move. There was no change in salary or benefits. See Patterson v. McClean Credit Union, 109 S.Ct. 2363, 2378 n. 7 (1989). The district court also emphasized that Carmel was a nurse without any administrative training; thus, she was unqualified for the administrative position. The section 1983 claim was dismissed because there was no evidence of state action.
 
 
 7
 In evaluating Carmel's Title VII claim, the district court applied Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). Under Burdine, the four elements of a prima facie Title VII claim are: membership in a racial minority; qualification for a job for which employer was seeking applicants; rejection in spite of qualifications; and finally, after the rejection, that the position remained open and the employer continued to seek applicants. Id. at 253 n. 6 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). The district court found that Carmel failed to prove the elements of a prima facie case:
 
 
 8
 Plaintiff has been unable to show that an available position for which she was qualified existed. Due to restructuring in the refinery's staff new duties were assigned certain staff members. Also, certain positions were eliminated altogether. These changes alone, however, do not lead reasonable minds to conclude that plaintiff was passed over for a promotion.
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 The facts indicate that plaintiff was merely part of corporate restructuring.... [P]laintiff has not shown any indication that she was not promoted because of race or age. As such, plaintiff has failed to fulfill the requisite elements needed to prove a prima facie case.
 
 
 12
 Opinion and Order of District Court at 8-9.
 
 
 13
 The district court further determined that Carmel's age discrimination claim was "time-barred" under the 300 day requirement of Title VII, which provides that:
 
 
 14
 [I]n a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a state or local agency with authority to grant or seek relief from such practice.... such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred [.]
 
 
 15
 42 U.S.C. Sec. 2000e-5(e) (1988) (emphasis added). Carmel filed a charge with the EEOC and OCRC, but failed to mention an age discrimination claim. As more than 300 days have passed since the last alleged discriminatory act in April 1988, the district court concluded the ADEA claim was barred.
 
 
 16
 The district court also emphasized that Carmel failed to exhaust her administrative remedies: "Plaintiff only filed race-based discrimination claims with the Ohio Civil Rights Commission. No mention was made of discrimination based on age. Therefore, plaintiff's age discrimination claim must fail."
 
 
 17
 Sun's motion for summary judgment was granted as to all federal claims on February 7, 1990, and the state claims were dismissed without prejudice. This appeal followed.
 
 II
 
 18
 Our review of the district court's grant of summary judgment under Fed.R.Civ.P. 56 is de novo. If no genuine issues of material fact exist, Sun is entitled to judgment as a matter of law. Carmel must present proof of specific facts showing that a genuine issue for trial exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 A. Section 1981 Claim
 
 19
 In Patterson, the Supreme Court reiterated that in order to make out a prima facie section 1981 claim, the plaintiff must prove by a preponderance of the evidence that she was qualified for the available position. 109 S.Ct. at 2378. The district court's dismissal of Carmel's section 1981 claim hinged on two conclusions: (1) the promotion sought by Carmel was not a promotion, but a lateral move; and (2) in any event, Carmel was not qualified for the administrative position. It is unnecessary to decide whether the position involved an upward or a lateral move, because we find that Carmel has failed to establish her qualifications for the position.
 
 
 20
 Carmel argues that she was qualified for the administrative post because her position as Medical Coordinator for over 600 Sun employees required her to perform some clerical functions. The job description submitted by Carmel in her appellate brief bears out that some degree of clerical duties was required. Simply because Carmel had performed some clerical duties as part of her position as a Medical Coordinator, however, does not necessarily indicate that she would be qualified to handle all the administrative duties. Indeed, every nurse was burdened with some clerical duties, which prompted Sun to hand over such tasks to the Occupational Service Generalist. Jane Fulkert had vastly more experience in administrative matters than Carmel, and was already performing most of the administrative tasks at the time her position was renamed Occupational Services Generalist. Robert Schaeffer, a former Employee and Plant Services Manager for Sun, stated in his affidavit that:
 
 
 21
 Ms. Fulkert has been employed with Sun for many years, and during her employment has progressed through various clerical and administrative positions. I considered that her clerical and administrative background and experience, together with her direct knowledge and experience dealing with Dispensary administrative matters ... made her extremely well qualified, and indicated to me that she could accept the transfer of the remaining administrative duties.
 
 
 22
 To my knowledge, all of Ms. Carmel's work experience is in nursing positions. While employed with Sun in the Dispensary, she necessarily performed some clerical duties relating to her nursing function. However, to my knowledge, she does not have a background of significant administrative work experience.
 
 
 23
 Because Carmel has failed to establish her qualification for the position, we agree with the district court that Carmel's section 1981 complaint warranted summary judgment in favor of Sun.
 
 B. Title VII Claim
 
 24
 Carmel argues that she has made out a prima facie case of discrimination under McDonnell Douglas and Burdine and that the burden of production should now shift to Sun. Carmel's primary contention is that she was qualified for the Occupational Services Generalist position. She cites to Impact v. Firestone, 893 F.2d 1189, 1194 (11th Cir.), cert. denied sub nom. Secretary of Education v. Walker, 111 S.Ct. 133 (1990), which stated that "[a] mere statement that the employer hired the best qualified person leaves no opportunity for the employee to rebut the given reason as a pretext, which the employee must do if a proper reason is articulated." In Impact, however, the employer "offered no evidence explaining any employment decision" beyond a generalized assertion the best qualified employees are selected. Id.
 
 
 25
 This case is much different because, first, a prima facie case has not been established because of doubts concerning Carmel's qualifications. Second, Sun has provided an affidavit from Robert Schaeffer, Employee and Plant Services Manager. Schaeffer gave a reasoned explanation of the reasons Fulkert assumed the job instead of Carmel. Even if it is assumed that Carmel has made out a prima facie case, Sun has articulated, through the affidavit, an adequate nondiscriminatory reason supporting its decision.
 
 
 26
 C. Age Discrimination in Employment Act (ADEA) Claim
 
 
 27
 The district court treated Carmel's reference in the complaint to age discrimination as an ADEA claim, and dismissed the claim because Carmel did not file an EEOC charge referring to age discrimination within 300 days, as required by Title VII, 42 U.S.C. Sec. 2000e-5(e) (1988). The 300 day period, however, applies to Title VII claims and not to ADEA claims. The district court mistakenly analyzed Carmel's ADEA claim under the limitations provision contained in Title VII.
 
 
 28
 Charges of discrimination under the ADEA must be filed with the EEOC within 180 days from the date of the alleged unlawful employment practice. 29 U.S.C. Sec. 626(d)(1) (1988); Walker v. St. Anthony's Medical Center, 881 F.2d 554, 556 (8th Cir.1989) ("Compliance with this time requirement is ordinarily a prerequisite to the maintenance of a civil employment discrimination action in federal court.").
 
 
 29
 Because Carmel failed to file an ADEA claim with the EEOC, we agree with the district court's ultimate conclusion that the claim must be dismissed. We recognize that the filing of an EEOC charge within 180 days of the unlawful practice is not a per se jurisdictional requirement in that the requirement is subject to waiver or equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). However, Carmel cannot explain her failure to file within the statutory time period, and absent any credible explanation we must view the ADEA complaint as barred.
 
 
 30
 Even considering the age discrimination claim on its merits, Carmel does not put forth any evidence indicating that her failure to get the "promotion" was a result of her age. Moreover, as Fulkert's change in status occurred during a reorganization of the administration of the dispensary, the burden on her increases. Ridenour v. Lawson Co., 791 F.2d 52, 57 (6th Cir.1986) ("Generally an ADEA plaintiff who has been terminated amidst a corporate reorganization carries a greater burden of supporting charges of discrimination than an employee who was not terminated for similar reasons."). We find that Carmel has failed to meet her burden in this regard.
 
 III
 
 31
 For the foregoing reasons, the summary judgment in favor of defendant Sun Refining is AFFIRMED.
 
 
 
 *
 The Honorable James P. Churchill, Senior United States District Judge for the Eastern District of Michigan, sitting by designation