103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph LATOSKY, Plaintiff-Appellant,
v.
MORRISON-KNUDSEN CORP., et al., Defendants-Appellees.
 No. 95-4176.
 United States Court of Appeals, Sixth Circuit.
 Dec. 05, 1996.
 
 Before: BOGGS, NORRIS, and GIBSON,* Circuit Judges.
 OPINION
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 Plaintiff, Joseph Latosky, appeals from an order of the district court granting summary judgment in favor of his employer in an action for age discrimination and retaliatory discharge brought pursuant to the federal Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 621 et seq., and Ohio law. Plaintiff contends (1) that he presented sufficient evidence to establish a prima facie case of age discrimination and retaliation; (2) that the district court misapplied the statute of limitations on his state law retaliatory discharge claim; and (3) that the district court applied the wrong standard for summary judgment. For the reasons discussed below, we affirm.
 
 I.
 
 2
 Plaintiff had been employed by the HK-Ferguson Company in Cleveland, Ohio, as a mechanical estimator since 1979. In 1980, he was promoted to Chief Mechanical Estimator. During the early 1980s, defendant Morrison-Knudsen Corporation obtained an ownership interest in HK-Ferguson, and the company was renamed MK-Ferguson. In 1985, Morrison-Knudsen moved the estimating department of its power division from its headquarters in Boise, Idaho, to Cleveland. As a result, Morrison-Knudsen had two estimating departments in Cleveland, each with a Chief Mechanical Estimator.
 
 
 3
 On February 3, 1992, Morrison-Knudsen consolidated those two departments into one. As a result, a decision had to be made regarding which Chief Mechanical Estimator would thereafter be subordinated to the other. Morrison-Knudsen decided that Jack Martin, age forty-six, would become the Chief Mechanical Estimator in the consolidated department, and that plaintiff, age fifty-six at the time, would report to Martin. Although plaintiff lost some of his supervisory authority as a result of the consolidation, his pay was not affected.
 
 
 4
 Unhappy with what he perceived to be a demotion, plaintiff wrote a letter to Stan Kovacic, the Estimating Manager, complaining about his new assignment. While a paragraph of the letter alluded to plaintiff's civil rights, the bulk of the letter was devoted to directing insults at Kovacic, such as accusing him of incompetence, riding on the backs of plaintiff and others to attain his position, and surrounding himself with "yes men." Plaintiff also showed the letter to Kevin Tobin, MK-Ferguson's Director of Human Resources. Shortly thereafter, plaintiff was demoted to Lead Estimator, a position with still less supervisory authority, and was removed from long-term jobs.
 
 
 5
 In February 1993, MK-Ferguson asked its managers to rank their employees in contemplation of a reduction in force. Of the thirty-six employees in the estimating department, plaintiff ranked third from the bottom. On April 2, 1993, he and six of the other low-ranking employees were laid off.
 
 
 6
 On September 10, 1993, plaintiff filed a charge of age discrimination and retaliation with the Equal Employment Opportunity Commission and, on January 21, 1994, filed this action alleging discrimination and retaliation under the ADEA and Ohio law. The district court granted defendants' motion for summary judgment, holding that plaintiff failed to make out a prima facie case of age discrimination or retaliation under the ADEA, and that plaintiff's state law claims were barred by the statute of limitations. Plaintiff appeals, arguing that the evidence presented establishes a prima facie case under the ADEA, and that his state law claim for retaliation is not barred by the statute of limitations. Plaintiff concedes that his state law claim for age discrimination is time-barred.
 
 II.
 
 7
 Plaintiff argues that the district court erred in granting judgment as a matter of law on his ADEA claims. He contends that the district court improperly applied the standard for evaluating motions for summary judgment, and that the evidence presented created genuine issues of fact for determination at trial.
 
 
 8
 We review a judgment entered as a matter of law de novo, using the same standard as the district court. Holiday Inns, Inc. v. 800 Reservation, Inc., 86 F.3d 619, 622 (6th Cir.1996). Thus, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We construe the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. White v. Turfway Park Racing Ass'n., Inc., 909 F.2d 941, 943-44 (6th Cir.1990). To the extent this appeal involves the application of Ohio law, we review the district court's interpretation of state law de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991). For the reasons discussed below, we believe that summary judgment in favor of defendants was appropriate in this case.
 
 A. Age Discrimination Under the ADEA
 
 9
 A plaintiff asserting an age discrimination claim under the ADEA bears the initial burden of presenting evidence sufficient to establish a prima facie case of the alleged violation. Gagne v. Northwestern Nat. Ins. Co., 881 F.2d 309, 313 (6th Cir.1989) (citing Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981)). If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the employer to rebut it by introducing evidence of some legitimate nondiscriminatory reason for the employment action taken. Id. If the defendant meets this burden, then the plaintiff must demonstrate that the legitimate reasons offered by the employer are not its true reasons but were, instead, a pretext for discrimination. Id. The plaintiff retains the ultimate burden of proof at all times. Id.
 
 
 10
 In order to establish a prima facie case in a workforce reduction situation like that in the instant case, a plaintiff must show that: (1) he was a member of the protected class; (2) he was subjected to an adverse employment action; (3) he was qualified for the particular position; and (4) "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." Barnes v. GenCorp, 896 F.2d 1457, 1465 (6th Cir.1990).
 
 
 11
 Plaintiff characterizes his burden of establishing a prima facie case as "de minimis." We disagree. The ADEA was never "intended as a vehicle for judicial review of business decisions." Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 70 (6th Cir.1982). Accordingly, we have held that "an ADEA plaintiff who has been terminated amidst a corporate reorganization carries a greater burden of supporting charges of discrimination than an employee who was not terminated for similar reasons." Ridenour v. Lawson Co., 791 F.2d 52, 57 (6th Cir.1986). In the present case, plaintiff introduced sufficient evidence that he was over forty years of age, that he was qualified for the position, and that he was discharged. The district court, however, found that he failed to meet the final element. On appeal, plaintiff contends that he presented sufficient statistical and circumstantial evidence that he was singled out for termination as part of MK-Ferguson's reduction in force because of his age.
 
 
 12
 Plaintiff first argues that he presented expert statistical evidence that the number of workers over forty years of age who were affected by a series of firm-wide reductions in force was greater than that which random chance would yield. However, even assuming that firm-wide data, gathered at different points in time, could be relevant to whether plaintiff was discriminated against because of his age, such data is insufficient to establish a prima facie case. This court has previously stated:
 
 
 13
 Appropriate statistical data showing an employer's pattern of conduct toward a protected class as a group can, if unrebutted, create an inference that a defendant discriminated against individual members of the class. To do so, the statistics must show a significant disparity and eliminate the most common nondiscriminatory explanations for the disparity. Since all of the discharged employees are arguably qualified in work force reductions, the most obvious explanations for the discharge of any one employee are lower proficiency and/or random chance. ...
 
 
 14
 Barnes, 896 F.2d at 1466 (citations omitted) (emphasis added). For plaintiff to use statistical evidence to create an inference of discrimination in his case, the evidence must therefore eliminate nondiscriminatory explanations for the discharge, such as lower proficiency or random chance. While plaintiff's statistical evidence may, if credited, eliminate random chance as an explanation, it does not speak to the issue of lower proficiency. Thus, plaintiff's statistical evidence is insufficient to establish a prima facie case of age discrimination.
 
 
 15
 Second, plaintiff contends that he presented sufficient circumstantial evidence to create an inference of discrimination. In addition to reiterating his statistical evidence, plaintiff argues that the fact that younger employees were retained in positions for which he was qualified, is sufficient to create an inference of age discrimination. However, this court has previously held that such evidence does not establish a prima facie case where a plaintiff was discharged as part of a reduction in force. See Barnes, 896 F.2d at 1465. Accordingly, plaintiff failed to establish a prima facie case of age discrimination under the ADEA.
 
 B. Retaliation Under the ADEA
 
 16
 Section 623(d) of the ADEA prohibits an employer from retaliating against an employee who opposes discrimination prohibited by the Act. 29 U.S.C. § 623(d). In order to establish a prima facie case of retaliation, plaintiff must show that (1) he engaged in protected activity; (2) this exercise of protected activity was known to the employer; (3) the employer thereafter took an employment action adverse to him; and (4) there was a causal connection between the protected activity and the adverse employment action. See Canitia v. Yellow Freight Sys., Inc., 903 F.2d 1064, 1066 (6th Cir.), cert. denied, 498 U.S. 984 (1990).
 
 
 17
 Plaintiff contends that MK-Ferguson unlawfully retaliated against him for writing the March 4, 1992, letter to his supervisor by stripping him of titles and authority, removing him from long-term jobs and ultimately terminating him. Plaintiff's only evidence of retaliation is the fact that these adverse events chronologically followed the writing of the letter. However, the mere fact that adverse employment actions occurred after plaintiff engaged in protected activity is insufficient to support an inference of retaliation. See Cooper v. City of North Olmsted, 795 F.2d 1265, 1272 (6th Cir.1986). Accordingly, plaintiff failed to establish a prima facie case of retaliation.
 
 III.
 
 18
 Plaintiff further argues that the district court erred in granting judgment as a matter of law in favor of defendants on his state law claim of retaliation. He concedes that his state law age discrimination claim is barred by the 180-day statute of limitations in Ohio Rev. Code § 4112.02(N), but contends that the same 180-day statute of limitations does not apply to his retaliation claim.
 
 
 19
 We need not consider whether plaintiff's state law retaliation claim is barred by Ohio Rev. Code § 4112.02(N) because, even if the claim is not time-barred, plaintiff failed to establish a prima facie case of retaliation under Ohio law. In evaluating retaliation claims, Ohio courts rely upon the same four-part test for retaliation applied by this court under the ADEA. See, e.g., Rudy v. Loral Defense Sys., 85 Ohio App.3d 148, 155 (1993) (citing Canitia v. Yellow Freight Sys., Inc., 903 F.2d 1064 (6th Cir.1990)). Accordingly, since we hold that plaintiff failed to establish a prima facie case of retaliation under the ADEA, we also hold that he failed to establish a prima facie case of retaliation under Ohio law.
 
 IV.
 
 20
 For the foregoing reasons, the district court's order is affirmed.
 
 
 
 *
 The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation