Joan E. HANSEN,

v.

**VANDERBILT UNIVERSITY.**

No. 3–96–0716.

United States District Court,
M.D. Tennessee,
Nashville Division.

April 11, 1997.

**1150**

Charles R. Ray, Jeffrey S. Frensley, Ray & Housch, Nashville, TN, Deanna Bell Johnson, Nashville, TN, for Plaintiff.

William N. Ozier, Michael Scott Moschel, Bass, Berry & Sims, Nashville, TN, Leona Marx, Vanderbilt University, Nashville, TN, for Defendant.

### MEMORANDUM

HIGGINS, District Judge.

The Court has before it the defendant's motion (filed February 21, 1997; Docket Entry No. 13) for summary judgment; memorandum (Docket Entry No. 14) in support; the plaintiff's response (filed March 27, 1997; Docket Entry No. 19); and memorandum (Docket Entry No. 20) in support.

The Court has subject matter jurisdiction over the plaintiff's claim under 29 U.S.C. § 626(c), pursuant to 28 U.S.C. §§ 1331 and 1343, as well as supplemental jurisdiction over the plaintiff's state law claim pursuant to 29 U.S.C. § 1367.

For the reasons discussed below, the defendant's motion for summary judgment shall be granted.

### I.

The plaintiff, Joan E. Hansen, originally filed this age discrimination action on July 25, 1996. In her complaint, she alleges that the defendant, Vanderbilt University, retaliated against her in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(d), and the Tennessee Human Rights Act, Tenn.Code Ann. §§ 4-21-101 to 4-21-905. Specifically, Ms. Hansen contends that Vanderbilt retaliated against her by requiring that she withdraw a pending charge of age discrimination with the Equal Employment Opportunity Commission as a condition to the implementation of a recommended resolution to a grievance she had filed with Vanderbilt.

Ms. Hansen commenced employment with Vanderbilt in 1985. After a number of transfers, Ms. Hansen began working in the Division of Vascular Surgery of the Section of Surgical Sciences at Vanderbilt Medical Center in 1993. At all times relevant to this action, David S. Noel served as the administrator for the Section, Dr. Thomas C. Naslund served as the head of the Division, and Martina Hailey served as the administrative assistant for the Division.

On September 13, 1995, Ms. Hailey provided Ms. Hansen with a letter of reprimand known as a Performance Improvement Counseling letter. On September 17, 1995, Ms. Hansen filed an internal grievance against Ms. Hailey based on the issuance of this PIC. Ms. Hansen admits that this grievance did not allege age discrimination. On the same day, Ms. Hansen filed a second internal grievance against Dr. Naslund, objecting to his approval of the PIC issued by Ms. Hailey. In this grievance, Ms. Hansen also complained of derogatory, age-related remarks allegedly made by Dr. Naslund.[1]

---

1. According to the plaintiff's EEOC charge, Dr. Naslund asked her on September 14, 1995, "how long is it before you do not have to work?" When she replied "two and a half years," he

Dr. Naslund and Mr. Noel met with Ms. Hansen on September 21, 1995, and asked her to sign a voluntary resignation letter. According to the plaintiff, Dr. Naslund and Mr. Noel confined her in a conference room for approximately thirty minutes in an attempt to force her to sign the resignation letter. When she refused to sign the letter, she was discharged.

On September 23, 1995, Ms. Hansen filed a renewed internal grievance against Dr. Naslund and a new internal grievance against Mr. Noel. On September 29, 1995, Ms. Hansen filed an age discrimination charge with the EEOC, charging Vanderbilt University Medical Center and Dr. Naslund with age discrimination and harassment.

Pursuant to Vanderbilt's policy, Ms. Hansen's claim of age discrimination was referred to its Opportunity Development Center. Michael Miller, the assistant director of the ODC, investigated and found no basis for the claim.[2] A copy of this finding was forwarded to Dr. Deborah German, Associate Dean of Students, the hearing officer designated to hear Ms. Hansen's grievance.

On November 20, 1995, a grievance hearing was held before Dr. German. On December 6, 1995, Dr. German issued a recommendation[3] whereby Ms. Hansen would be placed on paid administrative leave for six months with a reasonable letter of recommendation to help her find another position within the Vanderbilt system. Ms. Hansen believed the six months paid leave was an "award" and that she had "won" her internal grievance procedure. Plaintiff's memoran-

dum (Docket Entry No. 20) at 7. In her letter to Ms. Hansen, Dr. German specifically explained that

> [d]ue to the nature of the environment of the office and the obvious tensions between yourself, Dr. Naslund, Mr. Noel and Ms. Hailey, it is impossible for me to find evidence of age discrimination or harassment. I do not believe that age discrimination is a factor in this case.

Complaint (Docket Entry No. 1) Exhibit D at 1.

On December 22, 1995, Richard Smogur, the Director of Human Resource Services, sent a settlement proposal to Ms. Hansen. The proposal explained that Vanderbilt would

> accept the recommendation of the hearing officer subject to Ms. Hansen's agreement to the full compromise and settlement of any and all claims or causes of action arising out of or in any way connected with her employment at Vanderbilt, including withdrawal of the EEOC charge.

Complaint (Docket Entry No. 1) exhibit E at 3.

When Ms. Hansen refused to withdraw her EEOC charge, Vanderbilt declined to implement Dr. German's recommended resolution.

## II.

As provided by Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,

---

allegedly told her she needed "to resign and go to temporary services, at your age you will not get back into the Vanderbilt system." Complaint (filed July 25, 1996; Docket Entry No. 1) exhibit C at 2.

**2.** Mr. Miller clarified his findings in a letter to Ms. Hansen dated November 30, 1995, where he stated:

Dr. Naslund states that he never told you that your age would prevent you from transferring within the Vanderbilt system, and Dr. Naslund was involved in the decision to hire you, as an internal transfer, less than two years ago when you were 61. Particularly given your success securing internal transfer opportunities at ages 52, 53, 56, 58, 60 and 61, it seems unlikely that

either you or Dr. Naslund had cause to believe that your current age, 62, would adversely affect your ability to secure an internal transfer opportunity. Therefore, I find that you have not been treated unfairly by Vanderbilt, because of your age.

Unless I hear otherwise from you, I will assume that this letter more completely addresses your age discrimination grievance against Dr. Naslund....

Complaint (Docket Entry No. 1) exhibit D at 4.

**3.** While the plaintiff insists on calling this recommendation an "award," the Court finds that Dr. German and Vanderbilt continually referred to Dr. German's findings as "recommendations." *See* Complaint (Docket Entry No. 1) exhibits D and E.

show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202, 211 (1986). In its consideration of the evidence, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. *Davidson & Jones Dev. Co. v. Elmore Dev. Co.,* 921 F.2d 1343, 1349 (6th Cir.1991).

In order to prevail on a summary judgment motion, the moving party bears the burden of proving the absence of a genuine issue of material fact concerning an essential element of the opposing party's action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 274 (1986); *Davidson & Jones Dev. Co.,* 921 F.2d at 1349; *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). A dispute about the material fact must be genuine, that is, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." [4] *Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211–12. Since the preponderance of the evidence standard is used in this determination, more than a mere scintilla of evidence in support of the plaintiff's position is required. *Id.* at 252, 106 S.Ct. at 2512, 91 L.Ed.2d at 214.

Once a motion for summary judgment has been made, "the non-moving party bears the responsibility to demonstrate that summary judgment is inappropriate under Rule 56(e)." *Davidson & Jones Dev. Co.,* 921 F.2d at 1349. The non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. *Celotex,* 477 U.S. at 324,

106 S.Ct. at 2553, 91 L.Ed.2d at 274; *Cloverdale Equip. Co. v. Simon Aerials, Inc.,* 869 F.2d 934, 937 (6th Cir.1989). While the disputed issue does not have to be resolved conclusively in favor of the non-moving party to defeat summary judgment, "sufficient evidence supporting the claimed factual dispute" must be shown, thereby requiring resolution of the parties' differing versions of the truth by a jury or judge. *Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. at 2510, 91 L.Ed.2d at 212; *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569, 592 (1968).

## III.

The ADEA prohibits discrimination in employment on the basis of age. 29 U.S.C. § 621. In addition to other proscriptions, the ADEA specifically prohibits employers from retaliating against employees who have filed charges with the EEOC alleging discrimination.[5] *Johnson v. U.S. Dept. of Health and Human Serv.,* 30 F.3d 45, 47 (6th Cir.1994).

In order to establish a prima facie case of age discrimination based on retaliation, the plaintiff must establish the existence of four required elements: (1) that she was engaged in a protected activity; (2) that the defendant knew she was engaged in this protected activity; (3) that the defendant subsequently took an employment action adverse to her; and (4) that a causal connection existed between the protected activity and the adverse employment action. *Latosky v. Morrison–Knudsen Corp.,* No. 95–4176, 1996 WL 708346 at *3 (6th Cir. Dec.5, 1996) (citing *Canitia v. Yellow Freight Sys., Inc.,* 903 F.2d 1064, 1066 (6th Cir.), *cert. denied,* 498 U.S. 984, 111 S.Ct. 516, 112 L.Ed.2d 528 (1990)).[6]

---

**4.** The Supreme Court further explained that a court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby,* 477 U.S. at 251–52, 106 S.Ct. at 2512, 91 L.Ed.2d at 214.

**5.** 29 U.S.C. § 623(d) provides in pertinent part as follows:

It shall be unlawful for an employer to discriminate against any of his employees ... because such individual ... has made a charge

... in an investigation, proceeding or litigation under this chapter.

**6.** As there is no direct evidence of retaliation against the plaintiff, the plaintiff may carry her burden according to the guidelines of the *McDonnell Douglas* test established by the Supreme Court of the United States. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). However, as the Court disposes of this motion on the grounds that the plaintiff has failed to establish a prima facie case of retaliation, it need not reach the issues of

■ At issue in this case is whether Ms. Hansen can establish the third element, namely whether Vanderbilt took an employment action adverse to her.[7] According to the plaintiff, she had a right to participate in Vanderbilt's in-house grievance procedure and thus she was "entitled to the award" she received. Plaintiff's memorandum (Docket Entry No. 20) at 17. She argues that by taking that award away, thus denying what had already been given her, she suffered an adverse employment action. *Id.* at 17–18.

The defendant contends that coupling the settlement of an internal grievance with the withdrawal of an EEOC charge is not an adverse action. In support of this contention, the defendant points to the case of *Longworth v. Nat'l Supermarkets, Inc.,* No. 83–2689C(5), 1986 WL 8711 (E.D.Mo. June 6, 1986). In *Longworth,* the court found that an employer had not retaliated against an employee in violation of the ADEA when it refused to rehire her unless she accepted a settlement offer that required her to withdraw a charge she had filed with the EEOC. *Id.* at 9–10. The court found that the employee could not get the benefit of the bargain—reinstatement—without also performing her obligations—withdrawing her EEOC complaint. *Id.* at 10. The court further explained that:

> [i]f EEO complainants could prevail on the [plaintiff's theory] . . ., employers would never settle such complaints. Anytime an employer and employee reached a settlement agreement, the complainant would then refuse to compromise her EEO claim

whether Vanderbilt had a legitimate nonretaliatory reason for the adverse action, nor whether this purported reason is merely pretextual. *See also, St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 507, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407, 415 (1993).

**7.** The defendant concedes that the plaintiff can show the first and second elements of the prima facie case.

**8.** The Court notes that Dr. German recommended most of the relief which Ms. Hansen originally sought when she filed her internal grievances. *Compare* the complaint (Docket Entry No. 1) exhibit D with the defendant's memorandum (Docket Entry No. 14) exhibits 4 and 5.

and threaten to sue her employer for retaliation if it held her to the agreement. *Id.*

In a similar case, another court found that an employer had not retaliated against an employee when it offered a special award of three month's severance pay in exchange for the employee signing a separation agreement which released the employer from all claims the employee might have against it. *Cronin v. ITT Corp.,* 737 F.Supp. 224, 230–31 (S.D.N.Y.), *aff'd,* 916 F.2d 709 (1990). The court explained that the employee did not receive the special award because he refused to sign the separation agreement with the release clause, and not because the employer was retaliating against him. *Id.*

The Court finds that requiring an employee to withdraw an EEOC claim in order to have a recommended settlement award implemented is not an adverse employment action. Ms. Hansen may choose to pursue her EEOC claim, or she may choose to relinquish that claim in order to have Dr. German's recommendations implemented.[8] Choosing one option over the other based on an analysis of the risks and benefits is the essence of the settlement process. The Court fails to see why Vanderbilt should be expected to award the plaintiff compensation and receive nothing in return.

■ As Ms. Hansen has not established that Vanderbilt took an employment action adverse to her, she cannot prevail on her cause of action and the defendant is entitled to judgment as a matter of law.[9]

**9.** The Court finds no merit to the plaintiff's contention that Vanderbilt's "policy" of requiring employees to withdraw their EEOC claims in order to reach a settlement agreement was "per se retaliatory." Plaintiff's memorandum (Docket Entry No. 20) at 10–14. In the case relied upon by the plaintiff, the court explained that a policy which *adversely* affected employees who exercised their statutory rights under the ADEA was per se retaliatory. *E.E.O.C. v. Board of Governors,* 957 F.2d 424, 429–31 (7th Cir.), *cert. denied,* 506 U.S. 906, 113 S.Ct. 299, 121 L.Ed.2d 223 (1992) (emphasis added). As this Court finds that a settlement offer which requires a plaintiff to withdraw her EEOC claims is not an adverse action, such a policy, if one even exists, is not per se retaliatory.

### IV.

As the plaintiff has failed to sustain her burden of presenting a genuine issue of material fact as to one element of her prima facie case, the defendant is entitled to judgment as a matter of law. *Burns v. City of Columbus, Dept. of Public Safety, Div. of Police,* 91 F.3d 836, 845 (6th Cir.1996). Accordingly, the defendant's motion for summary judgment is granted.

As the Court dismisses with prejudice the federal claim, it declines to exercise supplemental jurisdiction over the plaintiff's pending state claim. *See* 28 U.S.C. § 1367(c)(3); *see also Cameron v. Seitz,* 38 F.3d 264, 276 (6th Cir.1994) ("With the dismissal of the [federal] claim, original jurisdiction over the state ... claim is lacking, and the district court has discretion as to whether to continue to exercise supplemental jurisdiction over it.") Thus, the Court dismisses without prejudice the plaintiff's state law claim.