JOURNAL ENTRY AND OPINION
This is an appeal from an order by Judge Shirley Strickland Saffold granting summary judgment in favor of appellee Acordia of Northeast Ohio (Acordia) on appellant Martha Many's claims for unlawful retaliation under R.C. 4112.02(I). Many claims that the circumstances surrounding her termination demonstrated a prima facie case of retaliation for her filing a discrimination complaint against Acordia and that many material facts are in dispute. We do not agree, and affirm.
On July 17, 1997, Acordia, an insurance company, had decided to reduce the staff of its Cleveland office and Many, then forty-six-years-old, was one of six employees who were terminated. Each was offered an enhanced severance benefits package contingent upon the execution of a seven-page waiver and release of any and all claims, including those based upon age discrimination, that each may have had against the employer. The waiver and release stated that Many had a period of not less than forty-five (45) days from that date to consider whether or not to execute this agreement.
Many never executed or returned the waiver and release but, rather, filed suit against Acordia, Erieview Joint Venture, and J.G. Office Management LLC on April 14, 1998. She alleged claims rooted in false imprisonment, defamation, and intentional infliction of emotional distress arising from her termination as well as events occurring after July 17, 1997 involving the security personnel at Erieview Tower in Cleveland, where Acordia's office was located. She alleged wrongful termination based on both age discrimination and on a violation of public policy. Acordia filed a motion for summary judgment on January 11, 1999, Many voluntarily dismissed the case without prejudice on January 28, 1999, and refiled it on July 16, 1999.
Around September 1999, Many offered to dismiss the case with prejudice if Acordia would pay her an amount equal to the original severance package it had offered, but Acordia declined. She then requested, and was granted, leave to file an amended complaint which added two claims for retaliation. Many asserted that Acordia had wrongfully withdrawn its severance offer because she filed suit against it.
On December 7, 1999, the judge granted summary judgment in favor of all defendants on all of the claims contained in Many's original complaint, including the discrimination claims against Acordia. On June 9, 2000, the judge granted summary judgment in favor of Acordia on Many's remaining retaliation claims.
Many's sole assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING ACORDIA'S MOTION FOR SUMMARY JUDGMENT ON MARTHA MANY'S CLAIMS OF UNLAWFUL RETALIATION UNDER R.C. 4112.02.
R.C. 4112.02(I) prohibits employers from retaliating (discriminating) against employees who oppose unlawful discrimination. Many contends that Acordia wrongfully refused to provide the original severance benefits because she refused to sign a release of all claims she could have asserted, and wrongfully withdrew the severance package offer after she had filed her age discrimination suit against it.
In order to establish a prima facie case of retaliation under R.C.4112.02(I), the law requires Many to demonstrate that: (1) she engaged in protected activity; (2) Acordia knew of her participation in the protected activity; (3) Acordia engaged in retaliatory conduct; and (4) a causal link exists between the protected activity and the adverse action.[1]
Where a claimant establishes a prima facie case of retaliatory discharge, the burden shifts to the defendant to articulate a legitimate reason for its action. If the defendant carries that burden, the burden is shifted back to the claimant to show that the articulated reason is merely a pretext.[2] Federal law may be applied in analyzing retaliation claims brought under this statute.[3]
In seeking summary judgment, Acordia contended that it withdrew its offer of severance benefits from Many not because she had filed a discrimination suit against it but, rather, because she had rejected the offer by failing to respond in a timely manner. It argued that Many could not demonstrate that her non-receipt of the benefits was an adverse employment action. Many countered that the severance offer had never lapsed, that she never rejected the package and Acordia's assertions were a pretext for retaliation.
According to Civ.R. 56, summary judgment shall be entered in favor of a moving party if:
 `* * *(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.[4]
Further clarifying the burdens placed upon moving and non-moving parties on a motion for summary judgment, the Ohio Supreme Court stated:
 Accordingly, we hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case.
 Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims.
 If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial * * *.[5]
The filing of a complaint for age discrimination in a court of law is a protected activity.[6] Acordia, as a properly served defendant below, certainly had notice of Many's participation in a protected activity, i.e. filing suit. As such, the first two factors set forth for establishing a prima facie case of retaliation are easily satisfied.
Many, however, was unable to show that Acordia's refusal to honor the original offer of severance benefits was in retaliation for her filing an age discrimination lawsuit. Conditioning a voluntary provision of severance pay to a lawfully terminated employee on the release of age discrimination claims is a permissible act.[7] Because Many has failed to challenge, in the lower court and this court, the validity of the waiver presented to her, she has waived the opportunity to assert that the waiver is unenforceable.
We do not agree that Acordia's decision to refuse to settle Many's age discrimination claims for an amount equal to the severance package presented to her at her termination constituted an adverse employment action as defined by case law. In Cronin v. ITT Corp,[8] the employee was terminated and presented with a severance agreement containing a waiver and release of all potential discrimination claims. He sued his employer for age discrimination and retaliation, and never executed the severance agreement providing for extra compensation above his normal severance package. Cronin's failure to satisfy the condition entitling him to the extra payment (signing the separation agreement) made him ineligible for the extra award.[9] In Jackson v. Lyons Falls Pulp 
Paper, Inc.,[10] when confronted with facts identical to both Cronin and the case sub judice, the district court judge observed:
 Under the Separation Agreement, plaintiff would receive severance payments and benefits in return for his signature. * * * Because plaintiff was not otherwise entitled to receive severance pay and benefits, the award of severance pay and benefits was a privilege rather than a right. As such, defendant's refusal to supply plaintiff with severance pay and benefits can not be characterized as an adverse action. Instead, defendant merely declined to enlarge plaintiff's rights to compensation. Such a decision does not form the basis of a retaliation claim.[11]
At least one Ohio appellate court has implicitly, in dicta, endorsed the rationale embodied in the above federal case law when analyzing retaliation claims grounded in R.C. 4112.02(I).[12]
Many suggests that Paquin v. Federal National Mortgage Assn.[13] is more persuasive because it held that an employer's withdrawal of a voluntary, conditional severance package following notice of proposed litigation involving discrimination claims may constitute adverse employment action.[14] We do not find the Paquin decision applicable to the facts of this case.
Many chose to retain any employment-related causes of action she had, and: (1) did not endorse the waiver and release before September 1, 1997; (2) filed the first age discrimination suit seven months later; (3) did not respond to Acordia's motion for summary judgment and dismissed the case under Civ.R. 41(A)(1); (4) refiled the complaint almost six months later on July 16, 1999; and, (5) when Acordia declined to settle, filed an amended complaint alleging retaliation of the basis that she believed the severance benefits offer was still open until September 1999. In short, she contends that she retained the right to the benefits regardless of whether she asserted successful or unsuccessful claims of age discrimination. The rationale advocating an unjustified two bites at the apple frustrates the legal, legitimate purposes of waiver clauses in voluntary severance offers, and we decline to endorse it.
Having concluded that Acordia did not take adverse employment action against Many in conditioning her severance benefits on the release of discrimination claims against it, we find it unnecessary to explore whether any employment action taken by Acordia was causally related to Many's lawsuits, or whether any such conduct was a pretext for discrimination. Many's assignment of error is overruled.
Judgment affirmed.
It is ordered that the appellee recover from appellant costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J., and MICHAEL J., CORRIGAN, J., CONCUR IN JUDGMENT ONLY.
 ______________________ ANNE L. KILBANE, JUDGE
[1] See Powers v. Pinkerton, Inc. (Jan. 18, 2001), Cuyahoga App. No. 76333, unreported, relying on Chandler v. Empire Chem., Inc. (1994), 99 Ohio App.3d 396, 402, 650 N.E.2d 950.
[2] Powers, supra.
[3] Wright v. Petroleum Helicopters, Inc. (Sept. 18, 1997), Cuyahoga App. No. 71168, unreported.
[4] Welco Industries v. Applied Companies (1993), 67 Ohio St.3d 344,346, 617 N.E.2d 1129, 1142.
[5] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264,274.
[6] Beeck v. Federal Express Corp. (D.D.C. 2000), 81 F.SUPP.2d 48, 55, (D.C. 2000).
[7] See 29 U.S.C. § 626(f), which outlines the requirements of a valid waiver of claims in exchange for benefits upon termination under the Older Worker Benefit Protection Act (OWBPA). See, also, Oubre v. Entenergy Operations, Inc. (1998), 522 U.S. 422, 118 S.Ct. 838,139 L.Ed.2d 849, discussing the various features of a valid waiver and the voidable, as opposed to void, nature of such agreements.
[8] (S.D.N.Y. 1990), 737 F. Supp. 224.
[9] Cronin, supra, at 231. See, also, Hansen v. Vanderbilt Univ.,(M.D.Tenn. 1997), where the court ruled that the employer-university did not commit illegal adverse employment action in conditioning an employee's reinstatement on her withdrawal of an EEOC complaint.
[10] (N.D.N.Y. 1994), 865 F. Supp. 87, 961 F. Supp. 1149, 1153.
[11] Jackson, supra, at 95.
[12] Toole v. Cook, (May 6, 1999), Franklin App. No. 98AP-486, unreported.
[13] (C.A.D.C.App. 1997), 119 F.3d 23.
[14] Paquin, supra, at 32.